# Abdul Hassan Law Group, PLLC
## 215-28 Hillside Avenue
## Queens Village, New York, 11427

~~~~

**Abdul K. Hassan, Esq.**                                                                  Tel: 718-740-1000
Email: abdul@abdulhassan.com                                                     Fax: 718-740-2000
*Employment and Labor Lawyer*                                             Web: www.abdulhassan.com

**January 20, 2025**

**Via ECF**

Hon. James M. Wicks, USMJ
United States District Court, EDNY
100 Federal Plaza, Courtroom 1020
Central Islip, New York 11722

        <u>Re: Rodriguez v. Elite Parking Area Maintenance, Inc.</u>
        Case No: 24-CV-04444(JMW)
        Motion for Settlement Approval

Dear Magistrate-Judge Wicks:

      My firm represents plaintiff Dany Yovany Jovel Rodriguez ("Plaintiff"), in the above-referenced action, and I respectfully write to seek approval of the settlement in this action as per the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199 (2d Cir. 2015) and *Samake v. Thunder Lube, Inc.,* 24 F.4th 804 (2d Cir. 2022). Exhibit 1 is a copy of the fully executed settlement agreement. Exhibit 2 is a copy of the retainer agreement between Plaintiff and his counsel – the basis for the 1/3 contingency fee.

      The claims are more fully set forth in the complaint. (ECF No. 1). In essence, however, Plaintiff brought claims to recover unpaid overtime wages under the FLSA and NYLL. Plaintiff also seeks to recover penalties for violation of the wage statement and wage notice requirements of the NYLL.

      In general, allegations and facts are refined as information is exchanged in the case – this is especially true in wage cases where the employer has an obligation under the FLSA and NYLL to keep and maintain wage, time, and employment records. Moreover, the allegations and claims were further refined after extensive discussions, and exchange of information prior to and in preparation for mediation – the parties were able to settle prior to a formal mediation session.

      Based on the allegations in the complaint, we have unpaid wages of about \$12.50/hr. x 20.5hrs/wk. x 281wks = \$72,006.25, under the NYLL six-year statute of limitations period –

1

including about $23,062.50 in unpaid overtime wages under the FLSA's two-year period for non-willful violations. Defendant may also be able to avoid the imposition of liquidated damages if it proves a good-faith affirmative defense. It is Defendant's position that Plaintiff was compensated for all hours worked. Defendant also disputes the work hours and period of employment alleged by Plaintiff. In general Defendant denies Plaintiff's allegations.

Assuming Plaintiff prevails on his wage notice and wage statement claims he could be entitled to another $10,000 maximum ($5,000 each). The jurisprudence as to the wage notice and wage statement claims is not settled – recovery under these claims is also not protected by the FLSA – these are NYLL claims.

The total settlement amount between Plaintiff and Defendant is $42,500. Under the settlement, Plaintiff is due to receive $28,014, after costs of $480 and a 1/3 contingency fee of $14,006. (See Ex. 1 ¶ 2(b)).

Under the settlement, Plaintiff's counsel is due to receive a 1/3 contingency fee of $14,006, plus $480 in filing ($405), and service ($75), costs[1]. See also, *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990); *Fisher v. SD Prot. Inc.,* 948 F.3d 593 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under *Cheeks* – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owes his counsel is govern by the retainer agreement and not by statutory fee-shifting provisions). See i.e. *Caceres v. Brentwood Farmers Market, Inc. et al,* Case No. 20-cv-03476, ECF No. 15, (Judge Tomlinson - EDNY May 4, 2021)("A Court is bound to observe the provisions of a retainer agreement as well as a settlement agreement. A '"settlement agreement is a contract that is interpreted according to general principles of contract law.'" Fisher v. SD Protection Inc., 948 F. 3d 593, 605-06 (2d Cir. 2020)"); *Miller v. United Parcel Service, Inc.,* EDNY Case No. 20-CV-05244, ECF No. 15 (Magistrate Judge Wicks, February 24, 2023)(" After deducting costs, Plaintiff's counsel requests $14,685 of the $45,000 amount. In support of this award, Plaintiff's counsel submits the retainer agreement. (DE 12-2.) The award and fees here requested are "consistent with the fee arrangement set forth in the retainer agreement." *Caceres*, 2021 WL 3276637, at 2. Further, $400

---

[1] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90 (1990). Plaintiff' Counsel's retainer rate is $600 and the retainer agreement with Plaintiff states in relevant part as follows:

The amount of Attorney's contingency fee will be the greater of:
(a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or

(b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or

(c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

See also *Brown v. Starrett City Associates*, 2011 WL 5118438, 8 (E.D.N.Y.), the court, citing *Venegas*, also noted that even when a court makes a lodestar fee award, "The award is then subject to whatever private contractual agreement exists between plaintiff and his or her counsel."

2

for filings, $300 in mediation costs, and $244 represent "common expenses for wage-and-hour cases in this district."").

See also analysis in *Paiz Pantaleon v. Tom Cat Bakery, Inc. et al*, Case No. 20-CV-04595, ECF No. 16. See i.e. *Smith v. BRP Development Corporation et al*, Case No. 19-CV-11794, ECF No. 41 (Magistrate-Judge Moses - April 6, 2021) (following *Venegas* and *Fisher*, and approving fees under *Cheeks* based on "The retainer agreement between plaintiff and his counsel"). *Rivera v. NYC Motorcars Corporation et al*, Case No. 20-cv-02701 (Judge Furman - January 28, 2021)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Furman approved the fee "particularly because there were no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and her attorney."). *Hernandez v. Sweet Cake Box, Inc.,* Case No. 20-cv-00439 (Judge Cogan – July 7, 2020)(Plaintiff's counsel herein sought a 1/3 retainer fee based on *Fisher* and *Venegas*. Judge Cogan approved the fee and noted that "the attorneys fee of [] represents one-third of the total recovery, which is a standard fee in this District.").

Plaintiff's counsel has received similar or higher legal fees in other FLSA settlements approved by courts. See *Miller v. United Parcel Service, Inc.,* Case No. 20-CV-05244 (Magistrate-Judge Wicks, EDNY )(approving a 1/3 contingency fee of $14,685 under *Cheeks*);; *Tandel v. Transcontinental Ultra Flex Inc.,* Case No. 20-CV-03145 (Judge Henry - January 5, 2022)(approving a 1/3 contingency fee of $14,285 under *Cheeks*); *Bocanegra v. First Management Corp. et al,* Case No. 18-cv-00658, ECF No. 41, (Magistrate-Judge Pollak – June 14, 2019)(approving a 1/3 contingency fee of $19,772 under *Cheeks*); *Shamsundar v. FCS Grp. LLC*, No. 18CV2514KAMLB, 2019 WL 3716198, at 4 (E.D.N.Y. May 22, 2019)("Plaintiff's counsel seeks $19,012 (or 33%) of the total settlement award as attorney's fees after reimbursement of $963 in costs."); *Hysa et al v. Midland Electrical Contracting Corp. et al*, Case No. 13-CV-6837 (Chief Magistrate-Judge Mann, January 2016 - approving 1/3 fee of $103,607.94 under *Cheeks*); *Petrosyan v. Quality Frozen Foods, Inc. et al*, Case No.19-cv-01672 (Chief magistrate-Judge Mann - July 11, 2019)( approving 1/3 fee of $14,032 under *Cheeks*); *Hosein v. Universal Elevator Inc. et al,* Case No. 17-cv-07597-(Judge Cogan)(approving a 1/3 percentage fee of $16,995 under *Cheeks*); *Gosyne v. Ace Inspection and Testing Services Inc. et al*, Case No. 17-CV-07364 (Magistrate-Judge Reyes - EDNY July 19, 2018)(approving a 1/3 fee of $14,700 under *Cheeks*); *Crockwell v. Richmond Hill Lumber & Supply Corp. et al*, Case No. 17-CV-05823 (PK) (approving a 1/3 contingency fee of $15,000 under Cheeks) (Magistrate-Judge Kuo – April 17, 2018); *Mena v. Disano Construction Co., Inc. et al*, Case No. 17-CV-04777 (Magistrate-Judge Kuo – April 5, 2018)(Approving a 1/3 contingency fee of $14,692 under Cheeks); *Castillo v. Cranes Express Inc. et al*, Case No. 18-CV-01271 (PKC)(LB)(Magistrate-Judge Bloom's R&R – December 12, 2018)(approving a 1/3 contingency fee of $23,079 under *Cheeks*); *Andrea Carter v. Long Island Care Center, Inc.*, Case No.15-cv-4058 (PKC)(VMS), (February 19, 2016 text only order – 1/3 fee under *Cheeks* of about $27,000); *Kolenovic v. FSM Management, Inc. et al,* Case No.18-cv-00657(Judge Oetken – June 28, 2018)(approving a 1/3 fee of $20,000 under *Cheeks*); *Persaud v. Consulate General of Guyana in New York et al*, Case No. 16-cv-01755 (approving 1/3 fees of $23,080 under *Cheeks*); *Coleman v. De Franco Pharmacy, Inc. et al* Case No. 17-CV-08340, ECF No. 33, (Magistrate-Judge Pitman – August 1, 2018), (approving a1/3 fee under *Cheeks* of about $14,094); *Bumagin*

3

*v. The Mount Sinai Medical Center, Inc.* et al, Case No.16-cv-08783, ECF No. 40, (SDNY – Judge Gorenstein)(1/3 fee of $14,000 under *Cheeks*).

In the circumstances of this case, the settlement is fair and reasonable for several reasons. First, the amount Plaintiff is due to receive under the settlement is not insignificant in light of the factual and legal issues. Second, Defendant disputes liability and a jury can award Plaintiff less than he is receiving here or nothing. Third, there appears to be a desire by all parties to resolve the case early and avoid the tremendous financial and non-financial costs/harms of litigation. Finally, the settlement was the product of arms' length negotiations where the parties were represented by experienced attorneys in the area of wage and hour litigation, and which was vigorously litigated by counsel on behalf of their respective clients.

Therefore, it is respectfully requested that this Honorable Court approve the settlement agreement as fair and reasonable under the FLSA and *Cheeks*.

We thank the Court in advance for its time and consideration.

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 /s/ Abdul Hassan
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*

**cc:**   **Defense Counsel via ECF**